PEOPLE ex rel. GUPTILL v. SULLIVAN, Commissioner of Public Works, et al.

(Supreme Court, Apellate Division, Second Department. March 17, 1911.)

1. MUNICIPAL CORPORATIONS (§ 218*)—EMPLOYÉS—REMOVAL—DISOBEDIENCE— PRESUMPTION.

On a review by certiorari of a proceeding to remove a janitor from a public hall for specific disobedience, where the janitor defended upon the ground of another duty which required his disobedience, all doubt should be resolved in his favor.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 589–598; Dec. Dig. § 218.*]

2. MUNICIPAL CORPORATIONS (§ 218*)—EMPLOYÉS—REMOVAL—DISOBEDIENCE— EVIDENCE.

In a proceeding to remove a janitor of a public hall for disobedience, which he defended on the ground of a paramount duty, the evidence should show whether the conflict of duties existed and how long he was constrained to disobey.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 218.*]

Hirschberg, J., dissenting.

Certiorari by the People, on the relation of Henry A. Guptill, against Joseph Sullivan, as Commissioner of Public Works, and another, to review their action in removing relator from his janitorship of the town hall of Jamaica. Determination annulled, and relator reinstated.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

John Murphy (Luke O'Reilly, on the brief), for relator.
James D. Bell (Sanders Shanks, on the brief), for respondents.

THOMAS, J. The evidence is so brief as to make doubtful whether the relator meant to plead that he was guilty in the sense that he disobeyed the order from the necessity of looking after his fires. In other words, did he plead disobedience, and justify it upon the ground that another more urgent duty compelled refusal? The consequences to the relator are so serious that the doubt should be resolved in his favor. It should appear with reasonable clearness whether the conflict of duties actually existed, if so, how long the relator was constrained to disobey, whether thereafter an opportunity to obey occurred, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

whether the relator then showed by his actions a disposition to obey the order.

The determination should be annulled, with $50 costs and disbursements, and relator reinstated.

JENKS, P. J., and CARR and·RICH, JJ., concur.　HIRSCHBERG, J., ·dissents.